UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSÉ L. CANALES CANCEL,           ) | |
|                                                           ) | |
| Plaintiff,             ) | |
|                                                           ) | |
| v.                                                    ) | Civil Action No. 25-2294 (UNA) |
|                                                           ) | |
| DEPARTMENT OF HEALTH AND  ) | |
| HUMAN RESOURCES,                    ) | |
|                                                           ) | |
| Defendant.       ) | |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, *pro se* complaint, ECF No. 1, and motion for appointment of counsel, ECF No. 3. The Court will grant the application, dismiss the complaint without prejudice, and deny the motion without prejudice as moot.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis

placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a).  It rambles from topic to topic without managing to articulate a viable legal claim, support for his demand for "$250,000.00 indemnization," Compl. at 11, and provide defendant with adequate notice of the claim(s) brought against it.  The Court, therefore, will dismiss the complaint without prejudice.

A separate order will issue.

/s/
JIA M. COBB
United States District Judge

DATE: August 28, 2025